UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| ANDREW L. WARREN, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | No. 3:05cv0195 AS |
| | ) | |
| CECIL DAVIS, | ) | |
| | ) | |
| Respondent | ) | |

*MEMORANDUM OPINION AND ORDER*

On or about April 4, 2005, *pro se* petitioner, Andrew L. Warren, an inmate at the Indiana State Prison in Michigan City, Indiana (ISP) filed a petition seeking relief under 28 U.S.C. §2254. The Response filed on behalf of the respondent by the Attorney General of Indiana on July 26, 2005, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982). The petitioner filed a Traverse on September 19, 2005, which this Court has carefully examined.

The petitioner is a convicted felon serving a sentence imposed by a court in the State of Indiana. At the time of the filing of this petition he was incarcerated in the ISP in this district. The direct appeal of the state conviction here is reflected in *Warren v. State*, 760 N.E. 2d 608 (Ind. 2002), a unanimous opinion authored by Justice Dixon of the Supreme Court of Indiana. Later, there is an unpublished memorandum decision of the Court of Appeals of Indiana entered November 30, 2004 authored by Judge Barnes of that court and concurred in by Judges Najam and Sullivan. For the immediate reference of all concerned, the memorandum decision is marked as Appendix "A", attached hereto and incorporated herein.

The petitioner was convicted in Marion County, Indiana at Indianapolis, Indiana in 2000 of two counts of murder and one count of conspiracy to commit robbery. The sentences total 150 years which he is now serving at the Indiana State Prison. Certainly the facts found by the two highest courts in the State of Indiana are entitled to a presumption of correctness under 28 U.S.C. §2254(e)(1) unless the petitioner sustains his burden to rebut that presumption by clear and convincing evidence, and in this case he has not. With regard to the decision of the Court of Appeals of Indiana, the Supreme Court of Indiana denied transfer on the same February 24, 2005. Certainly this petitioner is entitled to any benefits under *Houston v. Lack,* 487 U.S. 266 (1988).

As a very important preliminary, the twin decisions decided by the Supreme Court of the United States on November 4, 2002, remain alive and well as binding precedents here. *See Early v. Packer*, 123 S.Ct. 362 (2002), and *Woodford v. Visciotti*, 123 S. Ct. 357, 360-61 (2002). Looking at this record, this court fails to find an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States or the state decision that was based on an unreasonable determination of facts in the light of evidence presented in state court proceedings under 28 U.S.C. §2254(d). *See also Williams v. Taylor*, 529 U.S. 362 (2000). Certainly under *Strickland v. Washington*, 466 U.S. 668 (1984), and focusing on the decisions of the Court of Appeals of Indiana and the denial of transfer by the Supreme Court, it appears that that state Appeals court got right under *Strickland*. *See also Bieghler v. McBride*, 389 F.3d 701 (7th Cir. 2005).

The state trial court in Indianapolis, Indiana had an opportunity to see and hear the defense counsel for Andrew L. Warren, and that court entered findings of fact and

2

conclusions of law in writing. This court has also given close attention to the memorandum filed by the petitioner on September 19, 2005, and the same is in excellent form. The issues with regard to effective assistance of counsel deserve close attention. There is certainly authority in the Supreme Court of the United States as well as in this circuit that a very considerable discretion is involved here with regard to the tactics and strategies adopted by counsel in the trial and appeal involving in this petitioner in the two highest courts in the State of Indiana. Hindsight is 20-20 and there is a substantial presumption understanding the essentials of the adversary system. Certainly a defense counsel does not have to predict the changes in the law, and that is one of the factors involving an argument advanced here. Certainly a counsel can argue alternative theories but is not in all instances required to.

As indicated above, the author of the opinion in the court of Appeals of Indiana is certainly not a stranger to the realities of that adversarial system in state criminal prosecutions. Certainly defense counsel cannot be criticized after the fact for adopting a "candor and sincerity approach." When the argument is advanced that counsel failed to interview and investigate, there is an additional burden to show how such might have changed the result here, and that is absent from this record. Clearly, the instruction given by the state judge on abandonment was well within the law of Indiana and cannot be here claimed to be the result of ineffective assistance of counsel. It needs to be remembered at this point that basically state law is not in this mix under *Estelle v. McGuire*, 502 U.S. 62 (1991). The burdens implicit in 28 U.S.C. §2254(d)(1) are certainly serious ones reflective of the right to counsel in the Sixth Amendment of the Constitution of the United States. There is no question that under some circumstances, an appellate counsel can be ineffective,

3

but that appellate counsel is only obligated to present issues that have some chance of success. The Court of Appeals panel that the arguments that this petitioner now claims should have been made were definitely not winners under *Gray v. Greer,* 800 F.2d 644 (7th Cir. 1985). The evidence of guilt here was overwhelming.

This court has given close attention to the filing made by this pro se petitioner on September 19, 2005. He does an excellent job of outlining many if not most of the basic authorities relevant to the issues in this case. This court should make it clear that it is not bottoming any decision here on harmless error. The petitioner's problem is not that he has failed to cite the basic authorities. He has not so failed. He has failed to show any species of specific prejudice or to state it another way, he has failed to demonstrate that but for these alleged lawyer deficiencies, the result might have been different. For example, the so-called Rule 404(b) evidence proffered by the prosecution in this case does not fall afoul of *Huddleston v. United States*, 485 U.S. 681 (1988). A close look at the issue of instruction on abandonment sees this petitioner citing three cases from the United States Court of Appeals of the Sixth Circuit, namely *Hill v. Hofbauer*, 337 F.3d 706 (6th Cir. 2003); *United States v. Adams*, 214 F.3d 724 (6th Cir. 2000); and *United States v. Shelton*, 30 F.3d 702 (6th Cir. 1994). It was established by the decision of a Court of Appeals of Indiana that the abandonment instruction given was well within the authority established by the two highest courts in Indiana. These Sixth Circuit cases, while entitled to respectful attention, were not binding on the trial judge in Indiana and are not binding on this court here and now.

There is no problem here with *In Re Winship*, 397 U.S. 358 (1970), and this evidence is sufficient under *Jackson v. Virginia*, 443 U.S. 307 (1979). This court is familiar with

*United States v. Nesbitt*, 852 F.2d 1502 (7th Cir. 1988), and does not conceive that it established a basis for the grant of a writ in this case. It was a direct appeal from this court. Given the teaching from the Supreme Court of the United States in the cases decided November 2, 2002 as above cited, the approach here differs somewhat from the approach on a direct appeal from a district court to a court of Appeals. Certainly the enactment of the AEDPA in 1996 which in reality became effective April 24, 1997. The focus is on whether the decision of the state court was contrary to or an unreasonable application of purely established decisions by the Supreme Court of the United States or resulted in a decision that was based on an unreasonable determination of the facts in the light of the evidence presented in the state court proceedings. Neither of those events occurred in this case.

When it is all said and done, the petitioner has presented no basis here for relief under 28 U.S.C. §2254. Such relief is now **DENIED. IT IS SO ORDERED**.

**DATED:** September 26, 2005

                                              **S/ ALLEN SHARP**
                                              **ALLEN SHARP, JUDGE**
                                              **UNITED STATES DISTRICT COURT**